The next case is Charles Edward Jones versus the United States. Margaret Molds is here. Margaret Molds is here for Jones. And Jason Wu is here for the for the United States. And Freddie Funes is here on behalf of the district court. It's a court appointed amicus. And so Miss Molds, you may begin with your argument. Thank you, Your Honor, and may it please the court. Margaret Molds, Assistant Federal Public Defender on behalf of Mr. Jones. I will start with the question that the panel sent to the parties concerning jurisdiction. Jurisdiction is proper under Johnson as applied by controlling Supreme Court authority of DeMaya and Davis. I'm relying on what Granda said, including in the portion that you cited yourself in the supplemental letter, that quote, the holding would yield the odd result that the Supreme Court's eventual endorsement of the constitutional right argued for in Granada's petition now precludes him from seeking the vindication of that very right. And the reason for that statement was because while the petition was a new ruling, a new ruling of constitutional import on the very statute that was being challenged, here, we don't have that. We don't have the Supreme Court weighing in at all. So how could we say there's a new rule from the Supreme Court, like there was in Granada, like there was in Hamoud, like there was in all the other cases, when that hasn't been the case here with regard to the three strikes provision? Your Honor, it is under Granda, on that same page that you had cited, it also talked about the fact that applying controlling Supreme Court authority to Johnson, while you still have a pending Johnson motion, is proper and does not change it into an unauthorized. Right, but this is not a job. This is not a Johnson claim. And it's not a Davis claim. And it's that's, that's the issue I'm having with this case, is that I understand the argument, but this is not an appeal that we're hearing for the first time. It's not a plenary appeal. It's not a first habeas. It's a second or successive habeas. And we have statutory obligations. And so I think that's the question that Judge Luck is asking, which is how is, you want us to treat this as a Johnson claim, but do you not concede it is not a Johnson claim? Our position is that it is still a Johnson claim as applied through Davis. Because Davis is controlling Supreme Court authority that is applicable because the Johnson motion was not extinguished. You know, the difference between Hamoud and the Granda case is that in Granda, there was still a pending Johnson motion. And because it's pending, all the applicable subsequent controlling Supreme Court authority is applicable because the But it has to be a newly recognized right by the Supreme Court. What is the newly recognized right that applies in this case, the newly recognized right is the Johnson claim itself, as applied through subsequent controlling Supreme Court authority, which will always be applicable to that's still pending. There's no doubt that it's a click. There's no doubt that this wasn't that that Granda says this is properly authorized in the sense that the district court can hear it, even though it's a derivative claim, not a direct claim. But that doesn't answer the question of under h2, which is what what Judge Lugo is asking of, is this a new constitutional right in and of itself. And Granada did not say, because it couldn't say because it had Supreme Court case that the very claim that was being made there was a new constitutional right under Davis. Hamoud also said that because Davis had been decided, there is a new constitutional right. Here, we're lacking that as we were lacking that that we had in all these cases. This is a lot like the situations in Canon and Bradford and others, pre Davis, where people were making Johnson based on 924 C, and we didn't either denied authorization or found no jurisdiction, because the Supreme Court had not yet said that 924 C was was unconstitutionally vague. That seems to be the situation that we're in Council. Well, I think I think it is different because we now do have Johnson and Amaya and Davis. And it's, you know, the the rules are not specific to the statutes. The the application of the rule, the rule itself transcends specific statutes. And that's clear by the time you hit Davis for sure. But that's not that's not how is that even accurate? I mean, we have case law that says that regarded a Davis claim, when you tried to make a Davis claim, but Johnson was the only case that was applicable. We're like, there's no claim. It did not exist, there was not a newly recognized constitutional right by the Supreme Court. And so, again, you're asking us to find something unconstitutional at a procedural posture that is difficult for us, because in a second or successive, there has to be a newly recognized constitutional right. Again, if you were here on a plenary appeal, or you were here on a first habeas, maybe, you know, I would agree with you that it is unconstitutional. But you're, you're making it very difficult for us to to do this when we're at the procedural posture that we're in right now. The distinction again, with mood is that the claims for Davis, the claims for Johnson had been extinguished. And so those defendants under that posture did not have a claim pending in the court. The rule under Johnson transcends these statutes. It's a two pronged rule about an ordinary case categorical approach, and an ill defined threshold risk. And at this point, that rule is not dependent on a statute. It's not the case that the Supreme Court has to issue a new case for every single statute that this comes up with. Well, if that's the case, then why would why then? Why then did we not find that? Why do we have cases that say you want us to treat a, a Davis claim as a Johnson claim, and we can't do that? Well, you have a case that in Granda that says you can in the posture that we are in, which is the Johnson. That's different. There you want us, it's whether or not we have jurisdiction to even consider it. The question is, that's very different. I'm not saying that we don't have jurisdiction to listen to this appeal. Okay? The question I have is how can we possibly treat something as a Davis claim that is a Johnson claim or vice versa. And in this case, we don't even have a constitutional claim that's been recognized by the Supreme Court. Well, because the rule transcends each of these statutes. And I understand you keep saying that, but, you know, unfortunately we have cases that say otherwise. Well, and the rule is dictated by the precedent of Johnson to Maya and Davis. It's clear to everyone. It's clear through the Supreme Court authority. It's clear through the lower courts. And it's clear from the government and the department of justice, which has a policy of not prosecuting these cases through the three, five, five, nine C residual clause, because everybody recognizes that the Johnson rule applies to the three, five, five, nine C. That's no longer, there's nobody there that is questioning us anymore. So it's clearly applicable at this point in time. And the Gronda case shows that because the Johnson claim has still pending, there is still a basis for you or court to consider it. And it's clear based on all the, it's dictated by precedent at this point. My time is up, which I'm noticing. So in, I guess at this point, unless there are further questions, that would be happy to entertain. I will go ahead and let the other side proceed. Right. Mr. Wu. Thank you for your honor. May it please the court, Jason Wu on behalf of the United States. Let me try to clear up this jurisdictional question. In this case, we agree with Mr. Jones regarding the existence of jurisdiction and the satisfaction of 2255 H2. And I want to explain why in this context, the new rule embodied in Johnson, in our view, is a general rule about how to apply vagueness doctrine to sentencing recidivist statutes. And the rule embodied in Johnson is that when you have a sentencing recidivist... Counsel, that gets exactly to Judge Lagoa's question. Why wouldn't that have been exactly true in all of the cases after Johnson, where we denied claims based on different statutes? After Dimya, where we denied claims based on statutes? If what you say is true, then all of those cases would have been decided differently. No, I think we can square that circle, your honor. Here's how we do it. Looking at Hamoud, I think Hamoud does a good job of summarizing the Supreme Court case law about it means to be a new rule. And one thing it says is that a rule is new, where its extension to another context is not apparent to all reasonable jurists. It's a subject of debate. So when you try to extend Johnson to the 924C context, which is what Davis did, that was a subject of reasonable debate. In fact, this court on Bonk went the other way on that. And the reason it was a subject of reasonable debate is that 924C was a statute where you were trying to apply Johnson vagueness principles, which are about sentencing recidivist statutes, to a statute where the alleged crime of violence is contemporaneous with the gun charge. Except that by the time we get to Hamoud, Hamoud doesn't say, well, you know what, we screwed the pooch in Ovias, and so it's clear as day. And so based on Johnson, which is what the claim was originally based on, the Hamoud petition, we're fine. What it said was Davis itself is a new rule, right? Agreed. Yes. So why wouldn't any other one that came before it, if Demia was a new rule, and if Johnson was a new rule, and if Davis was a new rule, and none of them fell under this, well, it's so obvious to everybody that every recidivist statute under the sun is there. Why would we say that about this particular statute? Well, as they say in Johnson, the life of the law is experience. I think we have more experience now, and it's changed our view of this. I think Holmes said that quite a bit, a hundred years before Johnson, but okay. Fair enough. So again, let's take a step back a bit. So Johnson, as we conceive it, is a rule about sentencing recidivist statutes. 3559C is most like the ACCA in the sense that it is also a sentencing recidivist statute. Our position is that it's correct. Davis was the new rule, not solely dictated by Johnson, because of the 924C, but we don't have that here in the 3559C. That's not what we said in Hamoud, though. You agree. What you just said is not what we said in Hamoud. Hamoud said that Davis was a new rule. I think that is close to what was said in Hamoud, because Hamoud said Davis is a new rule because it's not- Not because we messed up by saying it was a conduct-based approach, but it's a new rule because it extended the rule of one to the other, right? The Supreme Court recognized the rule, newly recognized that constitutional right. Correct, but I believe one point that the Hamoud opinion did make was they did analyze the fact that there was debate among jurists as evidenced by the fact that some courts had gone one way and some courts had gone the other on the issue. So in other words, the result of Davis was non-obvious based solely on Johnson. I think in this posture, what we have now is we're seeking to extend Johnson to a statute that in many respects is more analogous because it's also a sentencing recidivist statute, unlike the extension to 924C. And that's what makes- But let me ask you a question, Mr. Wu. I understand the argument you're making and I understand the argument that counsel for the defendant is making, but why isn't this case more appropriate on a plenary appeal? I mean, where you could then have someone, the district court find that this particular statute is unconstitutional and then it would come to this court and we would look at it in the first instance, as opposed to trying to sort of weave in this extension of Johnson and Davis that I'm just not sure is appropriate. Of course, Your Honor, it would be entirely appropriate to do that. It would be certainly the easier route to take. I will note as a practical matter, that's not going to happen because the government having taken the position that the residual clause is unconstitutional means you're not going to see that prosecution anymore. So there's going to be no direct appeal- Until there's a new administration, of course. Possibly. Good point. But at least for the time being, I think you're unlikely to see that as a direct appeal. I do see my time is up. One final thing I would urge is that if the court considers Stringer v. Black, which is one of the cases cited in Hamoud, it specifically discusses how broadly one can construe a new rule. And it looks at a number of different death penalty cases that the Supreme Court introduced, and it expressly says it would be a mistake to conclude that the vagueness ruling of Godfrey, which is one of the particular cases discussed, was limited to the precise language before us in that case. That's essentially what we're asking for here. We're saying that Johnson rule is not limited to the language of 924E, but extends to other sentencing recidivist statutes. So with that, thank you for the indulgence on the time, and we respectfully rest on our brief. Thank you. Thank you, Mr. Wu. We'll hear from Mr. Funes as amicus. Good morning, Your Honor. It's Freddy Funes of Till Funes as amicus curiae in defense of the district court's order, which this court should affirm for two different reasons. First, as we mentioned in the brief, contrary to Mr. Jones and the government's position, Section 3559, its residual clause, is not unconstitutionally made because of how similar it is to the residual clauses. Counsel, can you address the jurisdictional issue? I understand that that's not one of the bases that you discuss, at least not explicitly in your brief, but I'd be interested in what your thoughts are, given that you're here to defend the district court's Yeah, I mean, my position is the same as Mr. Jones and the government's. Essentially, you know, in Davis, the government was or was essentially arguing not that, not the Johnson rule, or the rule explained in DiMaia, but what they were arguing is that the first major issue, both in Johnson and DiMaia, that the ordering case method must be applied was not applicable in Davis. And so that case is, I think, a little bit... That seems very odd, Counsel, if the entire tenor of your brief is that this statute has substantive differences in it from those others that make it different, how could you possibly say and argue to us that it's so clear as a matter of constitutional law that Johnson, DiMaia, and Davis apply, such that we don't have to wait for the Supreme Court to weigh in and say this is a new rule of constitutional law? That seems completely inconsistent, Counsel. Well, Your Honor, look, in Johnson and in DiMaia, I think the new constitutional rule is essentially, if you have these two conditions in a statute, one, the ordering case method must be applied. And second of all, the threshold level of risk is so uncertain that you don't really know how to apply those two things. Then the statute, the residual clause is unconstitutionally vague, because it is so standard list that it essentially leads to arbitrary enforcement. And I think that's the constitutional rule in Johnson, as maybe expanded in DiMaia. But in Davis, the rule is a little bit different. The analysis there doesn't deal with those two conditions. In fact, the court just assumes it and the government conceded that the statute in... Because all the court said was this statute is so similar to the ones we've struck down, we're striking down this one, right? That is correct. So if we've said that that very analysis is a new rule of constitutional law, then how does the same thought process that government's counsel and Mr. Jones's counsel is telling us, which is, this is essentially the same and we should just apply that law, would not be a new rule of constitutional law. I'm having trouble understanding that if Davis is truly just, hey, we've compared the language in one, we've compared it to the other, they're essentially the same. And so it has to be vague like the others are. If we said that that is new, then how can this, which is the same analysis that everyone is telling us, not be new, not also be new? Sure, Your Honor. Great question. Look, my explanation would be this. In the Davis case, the court assumed that both conditions were met. The argument we're I concede that the ordinary case method must apply to this residual clause here at 3559. But the question is, is the threshold level of risk so uncertain under the plain language and interpretation of the statute that when put together with the ordinary case method, this statute is unconstitutionally vague as described in Johnson and in DeMaio. And here, I would say that it's not because of the reasons we gave in the briefing with the enumerated clause giving much more definitive scope to this residual clause than these statutes everywhere else. Has any federal court post Johnson said that this statute is different and is constitutional? Not that I'm aware of, Your Honor. Not that I'm aware of. And so maybe somebody else is aware of something. But in my research, I could not find a case saying this. As Mr. Wu pointed out, though, the federal government recently has not been sort of pushing the statute. So I couldn't find anything recently. But I hope that makes sense. Here, what I'm asking is, look, just apply, if you apply Johnson, if you apply DeMaio, the test that the Supreme Court laid out there just does not strike this law as unconstitutional. I understand your argument, counsel, with regard to that. I just I'm having a hard time understanding how you can make that argument, which has some merit to it. I mean, I think you make some really good points in your brief. But if that's the case, then it's not it would seem to me it's not as Ms. Foldis said and Mr. Wu said that this is so obviously an application of what happened before in Johnson and DeMaio and Davis. And the problem is the flip side is also the case, which is if this is so clear cut, just as Davis was, then why wouldn't we need to do the same thing that we said in Davis, the Supreme Court would have to declare it as new. So I'm having trouble with both of those. But at least with regard to me, I don't know. I don't want to speak for anyone else. It'd be helpful if you talked about the Beeman issue, because I and whether the two predicate convictions here would apply as a matter of law in 2004 when the sentencing happened. Absolutely, Your Honor. One of the reasons we gave for upholding and affirming the district court's order is that Mr. Jones cannot meet the Beeman standard, which says that Mr. Jones has to show that it's more likely than not as a historical fact, the district court at the time of sentencing relied on the residual clause here. So if I can ask you about this, there seems to be some confusion in the briefing between you and Ms. Foldis about what actually the district court did here. So it seems to me that Beeman lays out what I'll call two broad categories of how to get to a specific place. Broad category one is, as a matter of fact, based on either my memory or something I said in the transcript or something that's in the PSI or some other, you know, shred or nugget of record, I found based on only the residual clause as the district court judge. That seems to be way one. Way two seems to be the record sort of silent. I don't really know and no one can really say, but as a matter of law, no court at that time could have found anything other than the residual clause. Is that a fair description of the two ways that Beeman seems to set out on how to prove that the residual clause was the only clause in which it relied, which the Okay. So what did the district court do here with regard to each of those two ways? Okay. So look, if you look at the, I think it's talk of entry 60, that's the court order on page 10. This is what the district court said about what the record said. The court essentially said that there was nothing on the record that could tell it which of the three clauses it relied on in sentencing Mr. Jones. And so that is the problem, the first problem you mentioned. Clear error applies to that. It's essentially a factual finding. And the district court said, look, there's nothing in the record. What the district court went on to say is, but nonetheless, I find that given the law at the time of sentencing, I had to have applied the residual clause. And as I explained in the briefing, I think that is wrong for multiple reasons. After the district court issued its order, this court sort of explained the Beeman standard in the look, it's not enough that if you read the law holistically, you could sort of say, yeah, the court wouldn't have applied the elements clause or the enumerated clause. What this court says is there's got to be binding precedent either from Florida courts or from 11th circuit saying this predicate offense must fall under the residual clause. And the time of the sentencing, there was nothing in the 11th circuit that said the predicate offense here, which is assault or battery had to fall into the residual clause. In fact, in Santos, this court said simple battery under Florida law until 2010, the rule here in this circuit was that it could fall under the elements. Opposing counsel though says that burglary with assault or battery is not a crime in Florida. What opposing counsel says is burglary is a crime. And that particular crime, the Supreme Court had held in Taylor was not categorically a crime of violence. And so in 2004, we knew that it was not a crime of violence categorically. What's the response to that? So the response to that is that if you look at Florida law going back to the 1980s, and there was nothing by the Florida Supreme Court that contradicted this at the time of the sentencing. If you go back to Florida law, there's a handful of Florida district court of appeal cases that state or some hold that burglary with assault or battery incorporates the elements of assault and incorporates the elements of battery. Does it matter if the Florida court said that the assault or battery element was an apprendi element that had to be proved to the jury beyond a reasonable doubt in order to get an enhanced sentence? Does that matter at all for the battery fall within the elements clause, and those elements are incorporated into this predicate offense, then just as a matter of law, burglary with assault or battery would fall into the elements clause. And here, there was well, look, I'll put it this way. The standard really is, is there any Florida law holding to the contrary, that for example, burglary with assault or battery did not require the elements of assault or did not require the elements of burglary, or I'm sorry, battery. And there's no Florida law saying that to the contrary, there's some district court opinions from the Florida state appellate courts saying that those elements were incorporated. And so I think if you apply the Beeman standard, which again, I know Mr. Jones disagrees with me, but it's a very tough standard. I mean, there has to be on point binding precedent, either from Florida Supreme court or this court saying, look, the elements clause is not applicable for this offense. Enumerator clause is not applicable for this offense. This report must have relied on the residual clause at the time of sentencing. And, and for those reasons, your honors, unless the panel has any other questions, I'll save my time and respectfully request that this board affirm this report's order. Thank you. Thank you. I want to just go back to the Davis issue, the Johnson Davis issue after Davis, it's very clear that the Johnson rule, which is the dual vagueness is not only limited to specific statutes. I mean, if Davis showed anything, it showed that it took that dual vagueness and it took it into a different type of statute, because prior to that, we were talking about sentencing recidivist provisions with the Davis case, you're talking about a substantive criminal offense. So the Supreme court was saying in Davis that it's really the language of the provision that you're looking at, that has to do with the, the, the rule of Johnson, the dual vagueness rule. It is not about whether it's ACA or 16 B or nine 24 C it's about the rule of the dual vagueness. And that's based on the wording of the statute. So definitely by Davis we know that the, the dual vagueness rule does not just apply to, I'm just having trouble in this whole list that we have, we have a bunch of cases which seem to suggest that we do it on a statute by statute basis. And it's hard for me to say that Davis somehow changed the landscape when Davis itself, we said was a new rule of constitutional law. And if you read Davis, it's not a long opinion and it's not a complicated one. They simply just say the language is the same. And so the rule seems to apply. And if that's, and if that's new, then I don't see how this cannot be new. They don't just say that it's the same. They say that the statutory text commands the flawed approach of the dual vagueness. So what Davis is actually saying is you don't look at what, if it's a different statute, you look at what the provision says, what the statute says, if the statute has these words, it talks about conviction or felony, then that triggers using this flawed approach. And that can be, you can attach it to Davis. And if under Granda, if you're attaching it to Davis, it would be fully applicable to Mr. Jones's Johnson claim. But even if you found that Davis was new and you wanted to attach it to Davis, we would ask that you construe Mr. Johnson or Mr. Jones's continued briefing in this case, since Davis as a request for an SOS on Davis. And if the court is concerned about timeliness under... It's not a timeliness issue and it's not an authorization issue. You're authorized to file what you file and it's timely. And I'm only speaking for myself. The question is jurisdiction under H2. That's the issue. And what I'm saying is if the court believes that it's a new rule under Davis, that's separate than Johnson, we would ask that you construe... I think in HMUD we decided that. I mean, it seemed otherwise HMUD would have come out differently. All we would have is Johnson said this and any claim that's based on Johnson that attacks 924C would apply, but we specifically said otherwise in Cannon and Bradford and a few other cases. And otherwise HMUD wouldn't have... We wouldn't have needed to say and go through the analysis that it was new. Well, I do believe there's a distinction between HMUD and Granda, but what I am asking the court is... Well, HMUD's earlier. And if there is tension, HMUD's earlier in time and we'd have to follow it. Well, what I am saying is if the Davis case is new and the court looks at the Davis case and sees that the dual vagueness rule after Davis, it's clear that it applies in many different contexts. So that rule doesn't have to be reaffirmed statute by statute by the Supreme Court. And if it's hinged on Davis, as opposed to Johnson, what I'm asking the court to do is to construe Mr. Jones's continued briefing on the issue as a request for an SOS application under Davis. And I can represent to the court that the government would not... That they would waive any statute of limitations issues so that that would not be a problem. Have we ever done that before? Yes, you did. I thought in... In other words, construe his continued briefing as his claim on appeal. I know that in Granda, you applied Davis and I just... I'm not sure if there is an authority out there that has construed it, but that's what I would ask the court to do at this point. I also just wanted to mention, if I can, that there is a couple other cases. One is J. Riccitelli, which was the Johnson claim that was applied to 3559C's residual clause. Two members of this panel had remanded the Riccitelli case back to the district court because the district court had given an indicative ruling that it would find the residual clause of and that was based on a Johnson motion. There was no further SOS and there was no issue with jurisdiction there. So I just wanted... And that's in the reply addendum on pages 43 and 44 to look at that case. I do see I'm out of time. I had wanted to address the Beeman issue, but I will leave that to discretion of the court. All right. We have your arguments and we have your briefs and we appreciate your arguments. And Mr. Funes, I'd like to thank you again for accepting the appointment to serve as amicus on behalf of the district court. Thank you, your honors. Thank you. Thank you all.